## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 4433 COLBURN CULVER ROAD., SANDPOINT, BONNER COUNTY, IDAHO, including any and all fixtures, improvements and appurtenances thereof (Owner of Record: Allen R. Krebs),<br><br>Defendant. | Case No.: 2:10-cv-00181-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**1. Allen Krebs's Motion for More Definite Statement and Motion to Enlarge Time**<br><br>**(Docket No. 15)**<br><br>**2. Plaintiff's Motion to Strike Claim and Other Filings of Allen R. Krebs, and for Entry of Default**<br><br>**(Docket No. 17)**<br><br>**3. Allen Krebs's Motion to Strike Plaintiff's Pleadings, and Motion to Dismiss**<br><br>**(Docket No. 21)** |

Currently pending before the Court are five, related motions: (1) Allen Krebs's Motion for More Definite Statement (Docket No. 15); (2) Allen Krebs's Motion to Enlarge Time (Docket No. 15); (3) Plaintiff's Motion to Strike Claim and Other Filings of Allen R. Krebs, and for Entry of Default (Docket No. 17); (4) Allen Kreb's Motion to Strike Plaintiff's Pleadings (Docket No. 21); and (5) Allen Krebs's Motion to Dismiss (Docket No. 21). Having carefully

**MEMORANDUM DECISION AND ORDER - 1**

reviewed the record and otherwise being fully advised, the Court enters the following

Memorandum Decision and Order:

## I.  BACKGROUND

1.  Plaintiff instituted this action on April 5, 2010 by filing its "Verified Complaint In Rem,"

    alleging that the Defendant property was involved in violations of 21 U.S.C. § 841 *et*

    *seq*., and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and (7).

    (Docket No. 1).

2.  On June 22, 2010, Attorney Michael Palmer entered a "Notice of Appearance" on behalf

    of Allen R. Krebs.  (Docket No. 7).

3.  On June 28, 2010, Mr. Krebs filed a timely "Verified Claim for Real Property."  (Docket

    No. 10) ("Claimant has the right to make this claim by virtue of the fact that the real

    property which is the subject of Plaintiff's claim is the property of Claimant who holds

    such in fee simple absolute.").

4.  On January 3, 2011, pursuant to FRCP 55(a), Plaintiff filed an "Application for Entry of

    Default as to Allen R. Krebs" for failure to file a proper answer as required by 18 U.S.C.

    § 983(a)(4)(B) and Rule G(5)(b) of the Supplemental Rules for Certain Admiralty and

    Maritime Claims.  (Docket No. 13).

5.  On January 4, 2011, Mr. Krebs filed an "Objection to Plaintiff's Application for Entry of

    Default as to Allen R. Krebs," arguing that "Plaintiff's Verified Complaint In Rem failed

    to comport with the requirements of FRCP 10(b) and such failure rendered the Complaint

    so vague and ambiguous that Respondent Krebs cannot reasonably be expected to

    prepare a response."  (Docket No. 14).

6.     Also on January 4, 2011, Mr. Krebs filed a "Motion for More Definite Statement and Motion to Enlarge Time." (Docket No. 15).

7.     On January 7, 2011, this Court entered an "Order Denying Application for Entry of Default as to Allen R. Krebs," reasoning that Mr. Krebs's recent submissions constituted an intent to defend the action. (Docket No. 16).

8.     On January 11, 2011, Plaintiff filed a "Motion to Strike Claim and Other Filings of Allen R. Krebs, and for Entry of Default." (Docket No. 17).

9.     On January 13, 2011, this Court entered a "Notice," recounting the procedural backdrop of the case up to that date and setting forth a protocol for future briefing. (Docket No. 19).

10.    On February 11, 2011, Mr. Krebs filed a "Reply to Plaintiff's Motion to Strike, Motion to Strike Plaintiff's Pleadings, and Motion to Dismiss." (Docket No. 21).

## II.  DISCUSSION

**A.     Plaintiff's Motion to Strike Claim and Other Filings of Allen R. Krebs, and for Entry of Default (Docket No. 17)**

Plaintiff argues (and Mr. Krebs does not dispute) that Mr. Krebs was required to respond to the Verified Complaint <u>In Rem</u> by July 19, 2010. Because Mr. Krebs did not answer or otherwise respond by July 19, 2010, Plaintiff applied for an entry of default pursuant to FRCP 55(a), which reads:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

*See* F.R.C.P. 55(a). The Court is not persuaded by Mr. Krebs's argument that any response to the Verified Complaint <u>In Rem</u> by July 19, 2010 was impossible. Even if true, the Federal Rules

**MEMORANDUM DECISION AND ORDER - 3**

of Civil Procedure provide the appropriate mechanism for addressing such concerns without running afoul of any procedural deadlines. Indeed, on the same day that Mr. Krebs objected to Plaintiff's Application for Entry of Default, claiming that a response to Plaintiff's Verified Complaint In Rem was impossible, he *also responded* to that same Verified Complaint In Rem by filing a Motion for More Definite Statement pursuant to FRCP 12(e).

Even though it technically would have been permissible to enter a default against Mr. Krebs in this action, the Court recognizes the strong policy that cases should be decided on their merits whenever possible. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2007).

Here, despite the undisputed delay in properly responding to Plaintiff's Verified Complaint In Rem, it is nonetheless clear that Mr. Krebs intends to defend against the claims in the Verified Complaint In Rem. Although the June 22, 2010 Notice of Appearance may not, by itself, be enough to stave off a subsequently-filed application for entry of default, Mr. Krebs's objection to the entry of default, coupled with a Motion for More Definite Statement and Motion to Enlarge Time (together, filed one day after Plaintiff's request for default), express an intent to defend the action, thus warranting the denial of Plaintiff's Application for Entry of Default. *See, e.g.*, *Bertram v. Heinzler*, 2011 WL 3889719 (E.D. Cal. 2011) ("While the Court may have been able to enter default against Defendants in this action, that entry of default would most likely have been set aside upon Defendants appearance and a showing of good cause."); *U.S. Bank NA, v. Tenner*, 2010 WL 2884854 (D. Nev. 2010) ("This court finds the motion for clerk's entry of default is not appropriate because counter-defendant U.S. Bank has made an appearance in this

**MEMORANDUM DECISION AND ORDER - 4**

case, and by filing a motion to dismiss has defended itself.  Accordingly, an entry of default is

not appropriate.").[1]

Therefore, while it seems that Mr. Krebs chose to participate in earnest in this proceeding

only when faced with the possibility of a default entry, the Court nonetheless is of the opinion

that this action will benefit from a resolution on the merits.[2]  As such, Plaintiff's "Motion to

Strike Claim and Other Filings of Allen R. Krebs, and for Entry of Default" (Docket No. 17) is

denied.  However, further instances of delinquency, without good cause, may be grounds for

sanctions.

**B.**     **Mr. Krebs's Motion to Strike Plaintiff's Pleadings and Motion to Dismiss
          (Docket No. 21)**

In his Motion to Strike, Mr. Krebs argues that, "contrary to [this Court's January 7, 2011

Order Denying Application for Entry of Default as to Allen R. Krebs], Plaintiff has not filed an

Amended Complaint *In Rem* or other supplemental pleading in conformity with FRCP 10(b)."

*See* Mot. to Strike Pl.'s Pldgs, p. 5 (Docket No. 20).  However, this Court never ordered Plaintiff

to file any amended pleading – to be sure, this Memorandum Decision and Order addresses Mr.

Krebs's underlying request for a more definite statement; absent the granting of *that* motion,

Plaintiff need not file any amended pleading.  There is also some paradox in such a claim, given

Mr. Krebs's new-found reliance upon the procedural deadlines regarding compliance with court

---

[1]  Although not clear from the case itself, an examination of the docket in *U.S. Bank NA v. Tenner* revealed that, like this case, (1) the notice of appearance preceded the application for entry of default, and (2) the motion to dismiss followed the application for entry of default.  This Court take judicial notice of these public records.

[2]  Plaintiff further argues that "[d]efault is also appropriate in this case because the illegal use of the property is not in dispute due to his conviction."  *See* Mem. in Supp. of Mot. to Strike, pp. 2, 11-12 (Docket No. 18).  These more substantive arguments, while potentially valid, will not be taken up at this time.

**MEMORANDUM DECISION AND ORDER - 5**

orders (even if applicable here). Nonetheless, for the same reasons already stated, Mr. Krebs's

Motion to Strike (Docket No. 21) is denied.

Similarly, in his Motion to Dismiss, Mr. Krebs argues that, pursuant to FRCP 41(b),

Plaintiff's action should be dismissed because Plaintiff failed to comply with the Federal Rules

of Civil Procedure (specifically FRCP 10(b) and 12(e)) and this Court's January 7, 2011 Order

"requiring [Plaintiff] to respond to [his] pending Motion to Enlarge Time and Motion for More

Definite Statement . . . ." *See* Mot. to Dismiss, p. 6 (Docket No. 21). Again, the adequacy of

Plaintiff's pleadings has not been addressed until this Memorandum Decision and Order; to state,

as Mr. Krebs appears to do, that Plaintiff's pleadings should be dismissed before such a

determination is, simply put, premature. Moreover, the Court finds that Plaintiff has adequately

responded to Mr. Krebs's Motion to Enlarge Time and Motion for More Definite Statements.

*See infra* at pp. 6-7. Even had Plaintiff not so responded, Mr. Krebs's relief is found within

Local Rule 7.1(e)(1), not FRCP 41(b). *See* Dist. Idaho Loc. Civ. R. 7.1(e)(1) (". . . if an adverse

party fails to timely file any response documents required to be filed under this rule, such failure

may be deemed to constitute a consent to the sustaining of said pleading or the granting of said

motion or other application."). With all this in mind, Mr. Krebs's Motion to Dismiss (Docket

No. 21) is denied.

**C.      Mr. Krebs's Motion for More Definite Statement and Motion to Enlarge Time
         (Docket No. 15)**

Mr. Krebs's argument is not that the Plaintiff's Verified Complaint <u>In Rem</u> lacks the

requisite *content* as required under Supplemental Rule G(2) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").

Without so deciding here, Respondent appropriately points out the ways its Verified Complaint

**MEMORANDUM DECISION AND ORDER - 6**

In Rem satisfies the substantive requirements dealing with forfeiture actions in rem. *See* Mem. in Supp. of Mot. to Strike, pp. 13-14 (Docket No. 18). However, the Federal Rules of Civil Procedure *also* apply to the extent they are not inconsistent with the Supplemental Rules. *See* Supp. R. Fed.R.Civ.P. G(1) ("This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply."); *see also* Supp. R. Fed.R.Civ.P. G Adv. Comm. Notes (2006) ("The Civil Rules continue to provide the procedural framework within which Rule G and the other Supplemental Rules operate."). In this respect, Mr. Krebs argues that Plaintiff's Verified Complaint In Rem violates FRCP 10(b) in that "Plaintiff's claims are not set forth in numbered paragraphs with each paragraph limited as far as practicable to a single set of circumstances." *See* Mot. for More Def. Stmt., pp. 1-2 (Docket No. 15).

The Court will apply the Supplemental Rules in conjunction with the Federal Rules of Civil Procedure on the issue of *format*. *See, e.g.*, Supp. R. Fed.R.Civ.P. E(2) ("In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, *without moving for a more definite statement*, to commence an investigation of the facts *and to frame a responsive pleading*.") (Emphasis added). To this end, it is true that Plaintiff's Verified Complaint In Rem, while apparently compliant with the substantive requirements of the Supplemental Rules, nonetheless violates FRCP 10(b)'s mandate that numbered paragraphs offset individual allegations/circumstances.

Of particular concern to the Court in this regard is the factual support for the Verified Complaint In Rem (necessary under Supplemental Rule G(2)(f)), contained in the Affidavit of

**MEMORANDUM DECISION AND ORDER - 7**

Doug Nelson. *See* Verified Compl. <u>In Rem</u>, p. 4 (Docket No. 1) ("The facts in support of this forfeiture action are set out in the Affidavit of Doug Nelson, Special Agent, Internal Revenue Service, Criminal Investigation, attached hereto as Exhibit "A" and incorporated herein by reference."). Mr. Nelson's Affidavit is comprised of numerous, multi-sentence paragraphs detailing the circumstances leading up to this action. While Mr. Krebs no-doubt lacks sufficient information to either admit or deny many of the statements contained within Mr. Nelson's Affidavit, the Affidavit's format is at odds with FRCP 10(b) regardless and is, therefore, in need of more definite statement.[3]

Therefore, Mr. Krebs's Motion for More Definite Statement (Docket No. 15) is granted. Plaintiff is to file a compliant pleading on or before October 19, 2011. Mr. Krebs is to submit a responsive pleading on or before November 2, 2011, or within 14 days of the filing of Petitioner's amended pleading, whichever is sooner. Correspondingly, Mr. Krebs's Motion to Enlarge Time (Docket No. 15) is denied as moot.

### III.  ORDER

Based upon the foregoing, the Court HEREBY ORDERS the following:

1.    Plaintiff's Motion to Strike Claim and Other Filings of Allen R. Krebs, and for Entry of Default (Docket No. 17) is DENIED;

2.    Mr. Krebs's Motion to Strike Plaintiff's Pleadings and Motion to Dismiss (Docket No. 21)

---

[3]  There is no question in the Court's mind that, as drafted, Plaintiff's Verified Complaint <u>In Rem</u> places Mr. Krebs on notice, generally, of the allegations/assertions contained therein. However, as framed, the pleading necessarily presents potential problems with respect to either admitting or denying particular allegations – allegations (and their admissions and/or denials) that may very well play a role in this action's ultimate resolution. Therefore, in the somewhat unusual circumstances of this Motion, the Court grants the relief Mr. Krebs now seeks.

is DENIED;

3.      Mr. Krebs's Motion for More Definite Statement and Motion to Enlarge Time (Docket

No. 15) is GRANTED in part, and DENIED in part as follows:

   a.      Mr. Kreb's Motion for More Definite Statement is GRANTED.  Plaintiff is to file

   a compliant pleading on or before October 19, 2011.  Mr. Krebs is to submit a

   responsive pleading on or before November 2, 2011 or within 14 days of the filing

   of Petitioner's amended pleading – whichever is sooner.

   b.      Mr. Kreb's Motion to Enlarge Time is DENIED as moot.

DATED:  **September 28, 2011**

Honorable Ronald E. Bush
U. S. Magistrate Judge